# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER,**
Commissioner Below, Petitioner

**vs.)   No. 13-1144** (BOR Appeal No. 2048271)
(Claim No. 2006002623)

**EARL LESTER ROBINSON,**
**Claimant Below, Respondent**

**and**

**APOGEE COAL COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner the West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Earl Lester Robinson, by John C. Blair, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 11, 2013, in which the Board reversed a March 28, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 14, 2011, decision which denied Mr. Robinson's request for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Robinson, a coal miner, sustained multiple injuries in the course of his employment for Apogee Coal Company including orthopedic injuries, occupational pneumoconiosis, carpal tunnel syndrome, and hearing loss. He was awarded a total of 69.75% in permanent partial disability awards. On July 21, 2011, the Permanent Total Disability Review Board found that Mr. Robinson had sustained 53% whole body impairment. The sole issue on appeal is whether he is capable of engaging in substantial gainful employment.

On April 3, 2004, Mr. Robinson was granted Social Security Disability benefits for osteoarthritis and allied disorders and sprain/strains. He was also granted a United Mine Workers' Association disability pension. On January 14, 2010, Richard Wooton, M.P.T., performed a functional capacity evaluation in which he determined that Mr. Robinson had no difficulty with prolonged sitting. He walked with a consistent antalgic gait. He was not able to squat or kneel due to a total knee replacement. He could lift twenty-five pounds from the floor and forty pounds from twelve inches. He could carry up to thirty-five pounds and pull up to thirty pounds. It was noted that the results of the evaluation were not valid secondary to lack of full effort. Mr. Wooton determined Mr. Robinson could perform at the sedentary physical demand level if he was allowed to sit frequently.

Catherine Morehead, B.S., C.M.C., C.D.M.S., Q.R.P., performed a vocational assessment on January 28, 2010. She noted that Mr. Robinson has non-compensable heart disease; high blood pressure; and arthritis in his neck, lower back, hands, knees, and shoulders. She asserted that he was awarded a Social Security Disability award based upon his heart condition. She noted that he was fifty-four at the time of the evaluation, which Ms. Moorehead stated was considered younger in vocational terms and was a positive vocational factor. He reported that he walks; does sit-ups; and uses dumbbells, a rowing machine, and a stationary bike. He also rents and manages several properties. Ms. Moorehead found Mr. Robinson could read at a post high school level, do math at a sixth grade level, and spell at a seventh grade level. She stated he would have access to sedentary/light jobs. He could utilize his experience in sales and his college education to gain employment. His positive vocational factors were listed as his age; his ability to obtain jobs with on the job training; his ability to operate a computer; and his ability to read, write, and make change. She found that Mr. Robinson would be a good candidate for a formal retraining program. She also found numerous jobs within his geographical area which appeared to allow some transferable skills within his abilities. She therefore concluded that he was capable of engaging in substantial gainful employment and recommended vocational rehabilitation services.

In contrast, Errol Sadlon determined in his July 9, 2011, vocational assessment that Mr. Robinson would soon be turning fifty-six years old and age was a negative factor for future employment. He determined that while Mr. Robinson has skills from previous employment, none of them are transferrable because he is only eligible for sedentary employment. Mr. Sadlon found that Ms. Moorehead's vocational evaluation was full of errors. For instance, Ms. Moorehead stated that Mr. Robinson had several rental properties and could be a property manager. In actuality, he has one rental unit adjacent to his house for which he hires someone to perform lawn car and maintenance. Ms. Moorehead also stated that Mr. Robinson received Social Security Disability and a United Mine Workers' Association disability pension due to a cardiac condition. Mr. Robinson actually received Social Security Disability benefits due to work-related

injuries. A cardiac condition was not considered. Also, disability pensions can only be received for work-related injuries. Further, Mr. Sadlon found that Ms. Moorehead incorrectly stated Mr. Robinson's regional area and the jobs she found were well outside of his seventy-five mile radius. Mr. Sadlon concluded that Mr. Robinson was incapable of performing sedentary work because he could not sit for six hours a day, and he had significant problems with his upper extremities, fine dexterity and gross manipulation. He is also incapable of light physical demand level work because he is unable to stand/walk for six hours a day. He had no office skills that would encourage an employer to hire him. Mr. Sadlon determined that he was permanently disabled.

In a January 24, 2013, addendum to her report, Ms. Moorehead disagreed with Mr. Sadlon's finding that Mr. Robinson could not work an eight hour day. She cited numerous medical records that she asserted indicates otherwise. She stated that due to an error in her previous report, she was providing updated regional information, although the remainder of the labor market survey was accurate. Based in part upon Ms. Moorehead's report, the Permanent Total Disability Review Board determined on July 21, 2011, that Mr. Robinson would be a candidate for vocational rehabilitation. He was noted to currently be managing several rental properties. Ms. Moorehead's vocational report was found to be credible. The Board concluded that he was not permanently and totally disabled. The claims administrator denied Mr. Robinson's request for permanent total disability benefits on September 14, 2011.

The Office of Judges affirmed the claims administrator's decision in its March 28, 2013, Order. The Office of Judges found, relying upon Ms. Moorehead's report, that Mr. Robinson has the intellectual and physical capacity to perform at least sedentary work and that jobs were available within his geographical area for which he would be qualified or could become qualified with training. The Office of Judges noted that Ms. Moorehead corrected her January 28, 2010, labor market chart in a January 24, 2013, addendum to accurately reflect Mr. Robinson's geographical area. In doing so, the unemployment rate improved for the counties within a seventy-five mile radius of his home. The Office of Judges found discrepancies between the reports of Ms. Moorehead and Mr. Sadlon. Specifically, Mr. Sadlon found Mr. Robinson's hearing loss to be an impediment to working whereas Ms. Moorehead found no hearing problem of vocational significance. The medical records cite a 4.75%-5% hearing loss and an independent medical evaluation by Luis Loimil, M.D., noted that Mr. Robinson does not use hearing aids. Further, the vocational experts differed on the number of rental properties that he manages. The Office of Judges determined that he has at least some rental management capabilities whether he has one property or multiple ones. The Office of Judges also found that Mr. Robinson completed high school, has some college experience, and has computer skills. Therefore, the Office of Judges concluded that Mr. Robinson has the capacity to be retrained. Ultimately, the Office of Judges held that he was not permanently and totally disabled because he is capable of engaging in substantial gainful employment.

The Board of Review reversed and vacated the Order of the Office of Judges and granted Mr. Robinson a permanent total disability award. The Board remanded the case to the claims administrator with instructions to issue a protestable Order establishing the onset date based upon the date when a properly completed and supported application for permanent total

disability was filed. The Board of Review determined that the report of Mr. Sadlon was more credible than that of Ms. Moorehead. It found that Mr. Sadlon noted that Mr. Robinson's hearing impairment required the use of a special speakerphone in order to use a telephone. In contrast, Ms. Moorehead concluded that he had no hearing loss of vocational significance; however, she failed to provide support for her conclusion. Further, the Board determined that Ms. Moorehead was under the impression that Mr. Robinson's Social Security Disability award and United Mine Workers' Association disability pension were based upon his heart condition. However, a letter from the Social Security Administration states that Social Security Disability was approved based upon osteoarthritis and allied disorders and sprain/strains of all types. Additionally, the Board found that Ms. Moorehead was under the impression that Mr. Robinson manages several rental properties and is acting as a property manager. In actuality, he rents one unit adjacent to his home. When maintenance and lawn care are required, he hires someone. In light of the inaccurate information in Ms. Moorehead's report, the Board of Review determined that the Permanent Total Disability Review Board's decision was not supported by the evidentiary record and, therefore, the Office of Judges' Order was clearly wrong.

On appeal the West Virginia Office of the Insurance Commissioner argues the Board of Review erred by conducting a de novo review of the evidence in violation of its standard of review. It further argues that the Office of Judges' Order was supported by the evidentiary record that shows that Mr. Robinson is capable of engaging in substantial gainful employment. Mr. Robinson argues that the Office of Judges failed to follow the weighing of the evidence and preponderance of the evidence rules. It incorrectly relied upon Ms. Moorehead's vocational assessment, which it even acknowledged contained errors.

After review, we agree with the reasoning and conclusions of the Board of Review. The Board of Review did not violate its standard of review when it determined that the Office of Judges was clearly wrong in relying upon Ms. Moorehead's assessment which contained numerous pertinent errors. The evidentiary record indicates that Mr. Robinson is incapable of substantial gainful employment and is permanently and totally disabled.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4

**DISSENTING:**
Justice Robin J. Davis